IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**MAR 17 2010**
U.S. DISTRICT COURT

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Criminal Action No. 07-248-2 (RCL) |
| v. : | |
| : | |
| **NANCY CONDE RUBIO,** : | 18 U.S.C. § 2339B(a)(1) |
| also known as Doris Adriana, : | (Providing Material Support or |
| also known as Alexandra Rubio Silva, : | Resources to a Foreign Terrorist |
| also known as Maritza, : | Organization) |
| also known as La Senora, : | |
| : | |
| Defendant. : | |

Let this be filed.
Royce C. Lamberth
U.S.D.J.  3/17/10

## STATEMENT OF FACTS

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

### Background: the FARC

The Revolutionary Armed Forces of Colombia – an English translation of the Spanish name of the group, "Fuerzas Armadas Revolucionarias de Colombia" (commonly known as and referred to hereafter as the "FARC") – is an armed and violent organization in the Republic of Colombia.

The FARC is engaged, and has been since its inception in 1964, in armed conflict against the government of the Republic of Colombia. It seeks to destabilize all levels of the Colombian government by means of violence, including murders, hostage takings, and threats of violence. The FARC's activities throughout Colombia have caused hundreds of civilian deaths and injuries.

The FARC has been strongly anti-American, characterizing American citizens as "military targets," and has engaged in violent acts against Americans in Colombia, including murders and hostage-takings. The FARC is governed by a seven-man secretariat (with two associate members)

2.	Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 2M5.3(b)(1) of the Sentencing Guidelines, the offense involved the provision of dangerous weapons or firearms, or the provision of funds with the intent, knowledge, or reason to believe such funds would be used to purchase dangerous weapons or firearms. Therefore, your client agrees that the base offense level of 26 for the offense is increased by 2 levels.

3.	Your client agrees not to oppose the Government's position at sentencing that your client's base offense level of 28 should be increased by 12 levels and the Criminal History Category increased to VI because the offense involved, or was intended to promote, a federal crime of terrorism pursuant to Section 3A1.4 of the Sentencing Guidelines. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The Government also agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. The Government further agrees that because the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence of 15 years shall be the Guideline Sentence in this case, pursuant to Section 5G1.1 of the Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4.	Your client understands and acknowledges that this agreement and any plea of guilty which your client may enter pursuant to this plea agreement are contingent upon the entry of guilty pleas by your client's co-defendants, Ana Isabel Pena Arevalo and Luz Mery Gutierrez Vergara, in this case. If these co-defendants fail to enter a guilty plea, this agreement and any proceedings pursuant to this agreement shall be withdrawn or voided.

5.	Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

6.	In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right to challenge the venue of this prosecution; the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

7.      Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure your client and the Government agree that the appropriate sentence for the offense to which your client is pleading guilty is: a sentencing range of 132 to 144 months. The Government also agrees, pursuant to Rule 11(c)(1)(C), to present this Plea Agreement between the parties, and considerations for why the plea should be accepted, to the Court for its approval. If the Court accepts the Plea Agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Plea Agreement, and will afford your client an opportunity to withdraw from the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. Your client further understands that if the Court rejects the plea agreement, the government also has the right to withdraw from the agreement and to be freed from all obligations under the agreement. This agreement with respect to the appropriate sentence affects only incarceration. The otherwise applicable statutory provisions are applicable to other sentencing incidents, specifically fines, restitution, and terms of supervised release.

8.      Your client understands that, but for the provisions contained in paragraph 7 of this agreement, the sentence in this case would ordinarily be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that, but for the provisions contained in paragraph 8 of this agreement, the sentence to be imposed would ordinarily be a matter solely within the discretion of the Court.

9.      The Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, and your client agrees that in light of the concessions made by the government in paragraph 7 of this agreement, she will not seek to have her sentenced reduced in the future, based on a motion, or request for a motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

10. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

The Government's Obligations, Acknowledgments and Waivers:

11. This Office will request that the Court dismiss the remaining count of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charge to be dismissed at the time of sentencing was based in fact.

12. This Office acknowledges that your client is entitled to receive credit for time served on the sentence imposed in this case from February 1, 2008, the date your client began her period of continuous confinement in Colombia on the charges in the indictment referenced above.

General Conditions

13. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

14. Your client is not a citizen of the United States, and your client understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Immigration and Naturalization Service.

4

15. There are no other agreements, promises, understandings or undertakings between your client and this Office in consideration for this plea. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

*Ronald C. Machen*
RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

*L. Haaland*
M. Jeffrey Beatrice
Lynn Haaland
Assistant United States Attorneys
David P. Cora
Trial Attorney, Counterterrorism Section
National Security Division

5

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, John J. Carney, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 03 18 10                          _Nancy Conde_
                                        Nancy Conde Rubio
                                        Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 3/17/10                           _John Carney_
                                        John J. Carney, Esquire
                                        Attorney for the Defendant